IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VALERIE L. REUBEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 11-1235 |
| vs. ) | Judge Nora Barry Fischer |
| ) | |
| U.S. AIR and TSA, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

**I.  INTRODUCTION**

Presently before the Court are two Motions to Dismiss (Docket Nos. 21, 26) Plaintiff's Civil Action Complaint (Docket No. 5) under Federal Rule of Civil Procedure Rule 12(b)(6), and alternatively under 28 U.S.C. § 1915, filed by Defendants United States Department of Homeland Security, Transportation Security Administration ("TSA") and US Airways, Inc.[1] (collectively, "Defendants"), respectively.  Plaintiff Valerie L. Reuben ("Plaintiff") filed her Complaint alleging personal injury sustained on a Lufthansa flight from Germany.  (*See* Docket No. 5).  Both Defendants seek the dismissal of Plaintiff's Complaint by arguing that Plaintiff has not pled sufficient facts to render her claims plausible as required by the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  (Docket Nos. 22, 27).  For the reasons discussed herein, Defendants' Motions (Docket Nos. 21, 26) are GRANTED.

---

[1] US Airways, Inc. was improperly named "U.S. Air" and will hereinafter be referred to as "US Airways."

## II. RELEVANT FACTUAL BACKGROUND[2]

Plaintiff alleges that, on May 10, 2010, while aboard Lufthansa Flight No. 431 on a return trip from Germany to Chicago, Illinois, "[she] encounter[ed] cigarette smoke" "while sitting in a nonsmoking seat (area)." (Docket No. 5 at 1). She claims that she was unable to breathe and vomited several times. (*Id.*). Plaintiff was provided three canisters of oxygen to assist her breathing, but after about five hours, she was told that there was no more oxygen to administer. (Docket No. 5-1 at n.8). She subsequently began to vomit for the next four hours and claims she was denied permission to lie down. (Docket No. 5 at 2). As a result of this incident, Plaintiff maintains she was dehydrated, dizzy, and unable to walk from the plane. (*Id.*).

On April 6, 2011, Plaintiff submitted a Standard Form 95 ("Claim for Damage, Injury, or Death") to the Claims Management Branch at TSA, wherein Plaintiff described the incident and claimed damages in the amount of $5,300. (Docket No. 5-1 at 2). She also named United Airlines on the form as the airline on which the incident occurred. (*Id.* at 3). On April 19, 2011, TSA wrote Plaintiff, explaining that her claim was received and assigned a control number. (*Id.* at 5). After Plaintiff contacted the Office of Customer Relations at US Airways, a representative responded on June 30, 2011, stating that she was "unable to verify [Plaintiff's] travel on US Airways on May 26 from Frankfurt."[3] (Docket No. 6).

On September 14, 2011, TSA notified Plaintiff that her administrative claim against TSA was denied, explaining that, "[a]fter careful consideration of the evidence, it appears that the

---

[2] In evaluating a Motion to Dismiss under Rule 12(b)(6), the Court must accept the Plaintiff's well-pleaded allegations as true and construe them in her favor. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009).

[3] Plaintiff alleges the incident took place on May 10, 2010. (*See* Docket No. 5 at 1). In her initial filing, she submitted as evidence a Lufthansa boarding pass dated "25 APR." (Docket No. 5-1 at 1). A full flight itinerary attached to her "Show Cause Order Response" subsequently revealed that the flight in question took place on May 9, 2010. (Docket No. 29-1).

subject incident did not involve, and was not caused by a negligent or wrongful act or omission of, TSA personnel."[4] (Docket No. 22-1).

### III. RELEVANT PROCEDURAL HISTORY

On October 3, 2011, Plaintiff filed an Amended Motion to Proceed *In Forma Pauperis* (Docket No. 3), which the Court granted. (Docket No. 4). She then filed her Complaint against Defendants on October 4, 2011. (Docket No. 5). Plaintiff subsequently filed several exhibits in support of her Complaint. (Docket Nos. 6, 14, 20-1). Thereafter, on December 5, 2011, this Court ordered Plaintiff to complete U.S. Marshals Service 285 forms and to provide the Clerk of Court's office with service copies of her Complaint as well as Summons for Defendants (with a correct address for US Airways) by December 19, 2011. (Docket No. 11). Plaintiff failed to comply with this Order, however, and the Court issued another Order, dated December 22, 2011, requiring Plaintiff to show good cause by January 5, 2012 why her claim should not be dismissed. (Docket No. 12). By January 3, 2012, the Court received the documents ordered on December 22, 2011. (*See* Civil Docket No. 11-1235). Upon service, each Defendant sought an extension of time, which the Court granted. (*See* Docket Nos. 18-19, 24-25).

---

[4]  TSA attached the September 14, 2011 letter to Plaintiff regarding the denial of her administrative claim to its supporting brief. (*See* Docket No. 22-1). Generally, "to the extent that [a] court considers evidence beyond the complaint in deciding a 12(b)(6) motion, it is converted to a motion for summary judgment." *Anjelino v. New York Times Co.*, 200 F.3d 73, 88 (3d Cir. 1999). However, the Court has considered this document without the necessity of converting TSA's Motion to Dismiss into a motion for summary judgment, as the letter constitutes a decision of a government agency:

> [I]n resolving a 12(b) (6) motion to dismiss, a court may look beyond the complaint to matters of public record, including court files and records, decisions of government agencies and administrative bodies, and documents referenced in the complaint or essential to a plaintiff's claim which are attached to either the Complaint or the defendant's motion.

*Spence v. Brownsville Area Sch. Dist.*, 2008 WL 2779079, at *3 (W.D. Pa. July 15, 2008) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir.1993)). The letter states that it "constitutes final agency action on [Plaintiff's] claim against the United States under the Federal Tort Claims Act" and that the "subject incident did not involve, and was not caused by a negligent or wrongful act or omission of, TSA personnel." (*See* Docket No. 22-1).

TSA subsequently filed its Motion to Dismiss and Brief in Support on March 27, 2012. (Docket Nos. 21-22). US Airways filed similar motions on April 12, 2012. (Docket Nos. 26-27). Due to Plaintiff's failure to timely respond to TSA's Motion in accordance with the Court's Order on Motions Practice (Docket No. 23), the Court entered an Order on April 23, 2012 indicating that Plaintiff must show cause by May 7, 2012 as to why her claim should not be dismissed as to Defendant TSA. (Docket No. 28). As such, Plaintiff filed her "Show Cause Order Response" on May 4, 2012. (Docket No. 29). The Court ordered both Defendants to file their Replies (Docket No. 30), which the Court received from TSA and US Airways on May 17, 2012 and May 21, 2012, respectively. (Docket Nos. 33-34). The Court also ordered Plaintiff to show cause by May 23, 2012 as to why her claim against US Airways should not be dismissed for failure to respond to its Motion to Dismiss. (Docket No. 31). On May 22, 2012, Plaintiff requested additional time to respond to the Show Cause Order, which the Court construed as a Motion for Extension of Time and granted, allowing Plaintiff to respond no later than June 6, 2012. (Docket No. 35). She then submitted a document on June 6, 2012 entitled "In re: To Motion to Stop Show Cause Order After Receiving Oxygen on Plain [sic] While in Flight. Never Received Med. Att."[5] (Docket No. 36). Accordingly, both Motions to Dismiss are fully briefed and ripe for disposition.

## IV. LEGAL STANDARDS

1. *Failure to state a claim under FED. R. CIV. P. 12(b)(6)*

A motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) challenges the legal sufficiency of a complaint. The United States Supreme Court has held that "a plaintiff's obligation to

---

[5] The submission merely includes a medical record of Plaintiff's medications and therefore does not show "good cause" as to why her Complaint against U.S. Airways should not be dismissed. (*See* Docket No. 36). However, "a document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976)).

provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986)) (alterations in original).

The Court must accept as true all well-pleaded facts and allegations and must draw all reasonable inferences therefrom in favor of the plaintiff. *See Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555. As the Supreme Court made clear in *Twombly*, however, the "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Supreme Court has subsequently broadened the scope of this requirement, stating that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "This 'plausibility' determination will be 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

After *Iqbal*, the United States Court of Appeals for the Third Circuit explained that a district court must conduct the following analysis to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal,* 556 U.S. at 675, 679); *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011), *cert. denied*, 2012 WL 296904 (Apr. 2, 2012); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

*Twombly* and *Iqbal* have not changed the other pleading standards for a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), and the requirements of FED. R. CIV. P. 8 must still be met. *See Burtch*, 662 F.3d at 220. Rule 8 requires a showing, rather than a blanket assertion, of entitlement to relief, and "contemplates the statement of circumstances, occurrences, and events in support of the claim presented and does not authorize a pleader's bare averment that he wants relief and is entitled to it." *Twombly*, 550 U.S. at 555 n.3 (internal alterations, citations, and quotations omitted). The Supreme Court has explained that a complaint need not be "a model of the careful drafter's art" or "pin plaintiffs' claim for relief to a precise legal theory" so long as it states "a plausible 'short and plain' statement of the plaintiff's claim." *Skinner v. Switzer*, --- U.S. ---, 131 S. Ct. 1289, 1296 (2011); *see also Matrixx Initiatives, Inc. v. Siracusano*, --- U.S.---, 131 S. Ct. 1309, 1322 n.12 (2011) (emphasizing that "to survive a motion to dismiss, respondents need only allege 'enough facts to state a claim to relief that is plausible on its face'") (quoting *Twombly*, 550 U.S. at 570)).

Further, "a *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Estelle*, 429 U.S. at 106 (citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)). *See also* FED. R. CIV. P. 8(f) ("All pleadings shall be so construed as to do substantial justice.").

In deciding a Rule 12(b)(6) motion to dismiss, the Court generally may consider "only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004). A court may, however, "look beyond the complaint to matters of public record, including court files and records, decisions of government agencies and administrative bodies, and documents referenced in the complaint or essential to a plaintiff's claim which are attached to either the [c]omplaint or the defendant's motion." *Spence v. Brownsville Area Sch. Dist.*, 2008 WL 2779079, at *3 (W.D. Pa. July 15, 2008) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir.1993)).

2. *28 U.S.C. § 1915(e)(2)(B) – Mandatory dismissal of frivolous complaints*

Pursuant to 28 U.S.C. § 1915 (as amended), federal courts are required to review complaints filed by persons that are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Thus, a court must dismiss, *sua sponte*, any claim that lacks arguable basis in fact or law. *Stackhouse v. Crocker*, 266 Fed. App'x 189, 190 (3d Cir. 2008) (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989)). The standard for reviewing a complaint under this section is the same as that for determining a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999); *see also Banks v. Mozingo*, 2009 WL 497572, at *6 (W.D. Pa. Feb. 26, 2009).

## V. DISCUSSION

### 1. *Motion to Dismiss by TSA*

Neither Plaintiff's Complaint nor her "Show Cause Order Response" alleges a specific legal theory against TSA or a jurisdictional basis for pursuing her claim against TSA in this Court. (*See* Docket Nos. 5, 29). To the extent that Plaintiff intends to bring a claim alleging tortious injury, the Court will liberally construe her claim against TSA as one arising under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.*, based on her submission of Standard Form 95 ("Claim for Damage, Injury, or Death")[6] to the Claims Management Branch at TSA, as well as TSA's response denying her claim ("[t]his constitutes final agency action on your claim against the United States under the Federal Tort Claims Act . . . based on the alleged negligent or wrongful acts or omissions of [TSA] personnel."). (Docket No. 22-1).

"The United States of America, as a sovereign, is immune from suit unless it consents to be sued." *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980) (citing *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769-70, 85 L.Ed. 1058 (1941)). However, the United States waived its sovereign immunity for:

---

[6]     28 U.S.C. § 2675 states:

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

Likewise:

> [f]or the purposes of [28 U.S.C. § 2675], a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed *Standard Form 95* or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident . . .

28 C.F.R. 14.2(a) (emphasis added).

> claims . . . for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1); *see also* 28 U.S.C. § 2674 ("The United States shall be liable . . . . in the same manner and to the same extent as a private individual under like circumstances . . .").

In enacting the FTCA, Congress conferred exclusive jurisdiction in United States district courts for actions against the United States for tort claims resulting from the negligent or wrongful acts or omissions of federal employees while acting within the scope of their employment. *F.D.I.C. v. Meyer*, 510 U.S. 471, 477, 114 S.Ct. 996 (1994) (citing 28 U.S.C. § 1346(b)); *Aliota v. Graham*, 984 F.2d 1350, 1355 (3d Cir. 1993). Under the FTCA, "the United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Plaintiff bears the burden of proving that her claim falls within the scope of the FTCA's waiver of government immunity. *Merando v. United States*, 517 F.3d 160, 164 (3d Cir. 2008) (citing *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 361 (3d Cir. 2001)). Likewise, section 1346(b)(1) directs the district courts to apply the law of the place where the act or omission giving rise to the suit occurred. 28 U.S.C. § 1346(b)(1). The Supreme Court "has consistently held that § 1346(b)'s reference to the 'law of the place' means law of the State – the source of substantive liability under the FTCA." *F.D.I.C.*, 510 U.S. at 478 (citing, *inter alia*, *Miree v. DeKalb County*, 433 U.S. 25, 29 n.4, 97 S.Ct. 2490, 2494 n.4, 53 L.Ed.2d 557 (1977)).

However, even construing Plaintiff's Complaint liberally, it would be difficult, if not impossible, to determine the location where the alleged tortious action took place, as Plaintiff has not alleged sufficient facts to determine the same. Further, insofar as she must demonstrate a

prima facie case of negligence on the part of TSA, her filings fail to allege the extent of TSA's involvement or any tortious conduct on the part of any employee or agent of TSA, whatsoever. (*See* Docket Nos. 5-6, 14, 20, 29, 36).

In its Motion to Dismiss, TSA sets forth three arguments. First, it maintains that Plaintiff's Complaint is "entirely deficient and fails to raise any inference that TSA is liable." (Docket No. 22 at 5). Second, it states that the Complaint does not allege the extent of TSA's involvement, if any, in the case. (*Id.*). In support thereof, TSA contends that no TSA employees are specifically identified in the Complaint, and TSA involvement is not otherwise discernible. (*Id.*). Third, the Complaint does not allege that TSA has a duty to provide passengers with comfortable travel and clean air conditions while flying on commercial airlines. (*Id.*). In sum, TSA claims that Plaintiff's Complaint "lacks 'facial plausibility' because there is absolutely no indication that the TSA is involved and/or liable for any misconduct in this case." (*Id.*).

Federal Rule of Civil Procedure 8(a)(2) clearly sets forth that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Although the Court is mindful that this handwritten, *pro se* Complaint is to be "liberally construed," *Estelle*, 429 U.S. at 106, the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). *See also Bizzell v. Tennis*, 449 Fed. App'x 112, 114 n.3 (3d Cir. 2011) (citing *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994)) (*pro se* status is no excuse for failure to follow Federal Rules).

Accordingly, the Court finds that the Complaint is deficient as to its claim against TSA. Not only does the Complaint fail to set forth a cause of action against TSA, but more

importantly, it does not even mention TSA.  (*See* Docket No. 5).  Assuming that the facts Plaintiff presented are true, as the Court is required to do at this stage of litigation, it is virtually impossible to construe any tortious conduct on the part of TSA for which it might be liable.  In short, with regard to Defendant TSA, Plaintiff has not pled sufficient factual content to allow this Court to reasonably infer that TSA is liable for any misconduct.  *Iqbal*, 556 U.S. at 678 ("[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  Plaintiff's claims against TSA are therefore dismissed under Rule 12(b)(6), with prejudice.

       2. *Motion to Dismiss by US Airways*

US Airways argues that Plaintiff's Complaint should be dismissed because it fails to state any claim and "her own exhibits demonstrate that such a claim does not exist." (Docket No. 5 at 3).  To the extent that Plaintiff's action against US Airways is potentially based in breach of contract, her Complaint renders a choice of law analysis impracticable.  (*See id.* at 4).  Based on her submissions, she also fails to demonstrate any contractual relationship with US Airways.  (*See* Docket Nos. 5-6, 14, 20, 29, 36).  "It is fundamental contract law that one cannot be liable for a breach of contract unless one is a party to that contract."  *Pa. Chiropractic Ass'n v. Independence Blue Cross*, 2001 WL 1807781, at *16 (Pa. Commw. Ct. July 16, 2001) (quoting *Electron Energy Corp. v. Short*, 408 Pa.Super. 563, 571, 597 A.2d 175, 178 (1991).  Similarly, with regard to a potential tort action, Plaintiff has failed to allege any duty on behalf of US Airways, a breach of that duty, and resulting damages – which are the elements that she must establish.  *See Nilson ex. rel. Nilson v. Hershey Entm't & Resorts Co.*, 649 F.Supp.2d 378, 386 (M.D. Pa. 2009) ("In order to establish a prima facie claim for negligence under Pennsylvania law, Plaintiff must show (1) a duty or obligation, recognized by law, requiring Defendant to

conform to a certain standard of conduct; (2) a failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the interests of another.").

Irrespective of the nature of her claim against US Airways, Plaintiff has failed to plead in accordance with FED. R. CIV. P. 8(a)(2). She merely states that "US Air and Lufhansia [sic] were the air lines [sic] that were responsible for my acute illness on the plaine [sic] when returning." (Docket No. 29 at 1-2). This conclusory remark is not entitled to the assumption of truth. *Santiago*, 629 F.3d at 130. Moreover, she does not identify a legal basis upon which US Airways could be held liable for her injuries. (*See* Docket Nos. 5-6, 14, 20, 29, 36). US Airways correctly emphasizes that Plaintiff's Lufthansa boarding pass, attached to the Complaint, does not reference US Airways and that the tort claim Plaintiff filed against TSA actually identifies United Airlines as the domestic carrier involved in the alleged matter. (Docket No. 27 at 5; *see also* Docket No. 5-1 at 3). In fact, attached to her Show Cause Order Response, Plaintiff submitted an itinerary demonstrating that her tickets were purchased from Continental Airlines, with Lufthansa serving as the carrier between Frankfurt, Germany and Chicago, Illinois, while United Airlines was the domestic carrier from Chicago to Pittsburgh, Pennsylvania. (Docket No. 29-1). To that end, it is quite clear from the record that US Airways was not involved in the instant matter. As such, Plaintiff has not demonstrated a plausible claim for relief, *see Fowler*, 578 F.3d at 211, and her claims against US Airways are dismissed under Rule 12(b)(6), with prejudice.

    3. *28 U.S.C. § 1915(e)(2)(B)*

Alternatively, Defendants argue that 28 U.S.C. § 1915(e)(2)(B), governing proceedings *in forma pauperis*, requires the dismissal of Plaintiff's Complaint. TSA argues that Plaintiff's Complaint is frivolous per 28 U.S.C. § 1915(e)(2)(B)(i) because it lacks any "arguable basis

either in law or in fact," citing *Nietzke*, 490 U.S. at 325. The Court agrees, since Plaintiff failed to allege any facts or demonstrate a legal basis upon which TSA is liable. As a result, the Court also dismisses Plaintiff's claim against TSA as frivolous, with prejudice.

Likewise, Defendant US Airways maintains that Plaintiff's Complaint should be dismissed based on 28 U.S.C. § 1915(e)(2)(B)(ii), which provides that the Court shall dismiss a Complaint if it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). As explained *supra*, the standard for reviewing a complaint under section 1915(e)(2)(B) is the same as that for determining a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6). *See Tourscher*, 184 F.3d at 240; *see also Banks*, 2009 WL 497572, at *6. Because the Court has already determined that Plaintiff's Complaint against US Airways is dismissed pursuant to FED. R. CIV. P. 12(b)(6), it could alternatively be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with prejudice.

    4. *Leave to Amend*

As indicated, the Court has ruled that Plaintiff's claims against Defendants are dismissed, with prejudice, under both FED. R. CIV. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B). Plaintiff has not sought leave to amend her Complaint. The United States Court of Appeals for the Third Circuit has held that "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). Further, "even when [a] plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time." *Id.*

The "grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Amendment would be futile if "the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)). "In assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Shane*, 213 F.3d at 115 (citing, *inter alia*, *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1434).

The Court declines to grant Plaintiff the opportunity to amend. In its estimation, Plaintiff's claims do not rise to the level of a cause of action, as she has not and cannot set forth enough facts to give rise to a plausible claim for relief. *Twombly*, 550 U.S. at 570.

Even if the Court did grant Plaintiff leave to amend, it is apparent to the Court that she would not be diligent enough to prosecute her case. Rule 41(b) of the Federal Rules of Civil Procedure authorizes this Court to dismiss a plaintiff's case for failure to prosecute. *See* FED. R. CIV. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). This Court may *sua sponte* dismiss a case under Rule 41, but must "use caution in doing so." *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008).

In determining whether dismissal is warranted, this Court must consider the following factors: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or the attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal; and 6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir.1984). The Court need not find each and every factor in order to justify dismissal. *Hicks v. Feeney*, 850 F.2d 152,

156 (3d Cir. 1988). When a district court has doubt, the decision of whether to dismiss "'should be resolved in favor of reaching a decision on the merits'" and alternative sanctions should be used. *Roman v. City of Reading*, 121 Fed. Appx. 955, 958 (3d Cir. 2005) (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 878 (3d Cir. 1984)).

The *Poulis* factors, however, do not provide a "magic formula whereby the decision to dismiss or not to dismiss becomes a mechanical calculation easily reviewed by" the Court of Appeals. *Durah v. Rustin*, 2005 WL 2924788 (W.D. Pa. Oct. 10, 2006) (quoting *Mindik v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)). In this Court's estimation, after applying the *Poulis* factors in the manner described below, the Defendants' dismissal in this case is appropriate due to Plaintiff's failure to comply with this Court's Orders and to otherwise prosecute this case.

   1. *The extent of a party's personal responsibility*

As noted, Plaintiff is representing herself *pro se*. Therefore, she is personally responsible for prosecuting her case and for adhering to this Court's Orders. *See Briscoe*, 538 F.3d at 258 ("a pro se plaintiff is responsible for his failure to … comply with a court's orders."). She has repeatedly failed to do so and this factor weighs in favor of dismissal.

   2. *Prejudice to the adversary*

There is little evidence of prejudice to Defendants. Certainly they have been forced to defend this action, having filed Motions to Dismiss, Briefs in Support and Replies to Plaintiff's "Show Cause Order Response" with regard to TSA. (Docket Nos. 21-22, 26-27, 32-33). However, Defendants have not been required to undertake costly additional litigation activities as a result of Plaintiff's failure to prosecute her case. Accordingly, this factor is neutral.

*3. A history of dilatoriness*

There has been a pattern of dilatoriness by Plaintiff in this case; she has missed several deadlines and taken little action beyond filing her Complaint. Initially, Plaintiff failed to comply with a Court Order dated December 5, 2011 which required her to complete U.S. Marshals Service 285 forms and to provide the Clerk of Court's office with service copies of her Complaint as well as Summons for Defendants (with a correct address for US Airways) by December 19, 2011. (Docket No. 11). Though Plaintiff completed and submitted the aforementioned documents by January 3, 2102 in response to the Court's Show Cause Order (Docket No. 12), she did not set forth any explanation as to why she failed to meet the deadlines established by the Court.

Likewise, Plaintiff did not file a response to Defendant TSA's Motion to Dismiss. The Court issued another Show Cause Order, dated April 23, 2012, requiring Plaintiff to show good cause no later than May 7, 2012 why the matter should not be dismissed with regard to Defendant TSA. (Docket No. 28). On May 4, 2012, Plaintiff filed a "Show Cause Order Response," essentially describing the "cause" of her alleged injuries, reiterating in large part the contents of her Complaint and attaching additional exhibits. (*See* Docket No. 29). The Court subsequently ordered both Defendants to file Replies to Plaintiff's Response, and each was timely. (Docket Nos. 32-33).

Due to Plaintiff's failure to respond to Defendant US Airways' Motion to Dismiss as well, the Court issued an additional Show Cause Order on May 9, 2012 for Plaintiff to show good cause no later than May 23, 2012 why the lawsuit should not be dismissed as to US Airways. (Docket No. 31). On May 22, 2012, Plaintiff filed a Motion for Extension of Time to File a Response, which the Court granted, thereby extending her the opportunity to explain or justify her untimeliness to the Court by June 6, 2012. (Docket Nos. 34-35). Plaintiff submitted a

document on June 6, 2012 to which she merely attached a medical record of her prescribed medications. (*See* Docket No. 36).

Thus, beyond the fact that she is representing herself *pro se* and appears to lack any legal training, she has failed to set forth findings of "good cause" for her failure to comply with the Court's Orders in a timely manner.

In *Poulis*, the United States Court of Appeals held that "[t]ime limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the court. A history . . . of ignoring these time limits is intolerable." *Poulis*, 747 F.2d at 868. Plaintiff's repeated failure to meet deadlines established by the Federal Rules of Civil Procedure and by this Court demonstrates a history of dilatoriness. This factor weighs in favor of dismissal.

4. *Whether the party's conduct was willful or in bad faith*

Plaintiff has not provided any explanation for her failure to respond to Defendants' Motions to Dismiss. Thus, there is little evidence of record showing willful conduct or bad faith in this case which would warrant dismissal. *See Briscoe*, 538 F.3d at 262 ("willfulness involves intentional or self-serving behavior"). However, there is also no evidence that the missed deadlines were the product of "excusable neglect," mere inadvertence or some other satisfactory reason. *Poulis*, 747 F.2d at 869. Plaintiff was given the opportunity to provide the Court with some explanation, but she has ignored the Court's directives. Still, because there is no record of Plaintiff's reasons for her untimely responses, and the Court cannot evaluate the same, this factor is neutral in the Court's analysis.

5. *Alternative sanctions*

There are no alternative sanctions available to the Court which would appropriately remedy Plaintiff's failure to respond to the Court's Orders. *See Whitney v. Barkley*, 2011 WL

1230351, at *2 (W.D. Pa. Feb. 9, 2011) ("Plaintiff is proceeding *pro se* and has not responded to the Court's order, and it is not clear that any sanction other than dismissal will properly redress Plaintiff's refusal to comply."). Plaintiff has been advised on three occasions to show cause as to why her case should not be dismissed, but has failed to do so each time. (Docket Nos. 12, 28, 31). Accordingly, dismissal would be an appropriate sanction.

   *6. Meritoriousness of Plaintiff's claims*

As to the meritoriousness of Plaintiff's claims, Defendants' Motions to Dismiss are persuasive and dismissal under Rule 12(b)(6) (and alternatively under 28 U.S.C. § 1915(e)(2)(B)) is appropriate. (*See* Docket Nos. 21-22, 26-27; *see also* Docket Nos. 32-33). The Court agrees that Plaintiff's Complaint fails to state a claim upon which relief may be granted under Rule 12(b)(6), *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), Third Circuit precedent interpreting the same, and 28 U.S.C. § 1915(e)(2)(B)(ii). Moreover, the Complaint is frivolous per 28 U.S.C. § 1915(e)(2)(B)(i).

   For these reasons, the Court denies Plaintiff leave to amend.

## VI. CONCLUSION

Based on the foregoing, the Defendants' Motions to Dismiss are GRANTED and the Plaintiff's Complaint is DISMISSED. An appropriate Order follows.

>
> *s/ Nora Barry Fischer*
> Nora Barry Fischer
> United States District Judge

cc/ecf:  All counsel of record.

   Valerie L. Reuben
   P.O. Box 90024
   Pittsburgh, PA 15224
   (Regular & Certified Mail)

Date:   June 18  , 2012